1  William E. von Behren, State Bar No. 106642
   bvonbehren@vbhlaw.com
2  Carol  B. Lewis, State Bar No. 130188
   clewis@vbhlaw.com
3  VON BEHREN & HUNTER LLP
   2041 Rosecrans Avenue, Suite 367
4  El Segundo, CA 90245
   Telephone:  (310) 607-9111
5  Facsimile:  (310) 615-3006

6  Attorneys for Defendant
   ANTHEM BLUE CROSS LIFE AND HEALTH
7  INSURANCE COMPANY

8             UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11 NAMDY CONSULTING, INC.,            Case No.  CV 18-3243

12            Plaintiff,              **NOTICE OF REMOVAL TO THE**
        vs.                           **UNITED STATES DISTRICT COURT**
13
   ANTHEM BLUE CROSS LIFE AND
14 HEALTH INSURANCE COMPANY
   and DOES 1-40,
15
            Defendants.
16

17

18      **TO THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT**

19 **OF CALIFORNIA, AND TO PLAINTIFFS AND THEIR ATTORNEYS OF**

20 **RECORD:**

21      **PLEASE TAKE NOTICE** that Defendant, Anthem Blue Cross Life and

22 Health Insurance Company ("Anthem"), contemporaneously with the filing of this

23 Notice, is effecting the removal of the above referenced civil action, Case No.

24 BC680021, from the Superior Court of the State of California, for the County of Los

25 Angeles, to the United States District Court, for the Central District of California,

26 pursuant to 28 U.S.C. §§1331, 1332 and 1441(b) on the basis that this Court has

27 original subject matter jurisdiction (Federal Question) of this matter because it arises

28 under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et.

seq. ("ERISA"). As set forth below, Anthem files this removal notice within the 30-day period required in 28 U.S.C § 1446(b)(3).

The removal is based on the following grounds:

## 1. NATURE OF THE CASE.

1. Plaintiff NAMDY Consulting Inc. ("NAMDY") filed a complaint against Anthem in the Superior Court of the County of Los Angeles, California, Case No. BC680021 on October 18, 2018. In the original Complaint, NAMDY alleged that it is a purported assignee of unnamed health care providers ("Physicians") who allegedly provided medical services to patients enrolled in health care plans administered or insured by Anthem. NAMDY alleges that Anthem underpaid the Physicians for emergency services allegedly rendered to its enrollees by failing to reimburse the Physicians at the "usual, customary and reasonable rates," which NAMDY contends is the Physicians' billed charges.

2. The Complaint alleged state law claims for (1) recovery of payment for services rendered; (2) recovery on open book account (3) quantum meruit; (4) breach of implied contract; (5) declaratory relief; (6) negligence per se and (7) interference with prospective economic advantage. There were no allegations, however, that Anthem breached any of the patient enrollees' health benefit plans, nor did NAMDY seek to enforce the terms of such contracts. The Complaint did not provide any details about the patient enrollees, the medical services allegedly rendered to them or the health plans in which they were enrolled.

3. On December 26, 2017, NAMDY voluntarily filed a First Amended Complaint ("FAC"), eliminating the cause of action for negligence per se. NAMDY again alleged that Anthem underpaid the Physicians for emergency services allegedly rendered to its enrollees by failing to reimburse the Physicians at the "usual, customary and reasonable rates," i.e., the Physicians' billed charges. Once again, there were no allegations that Anthem breached any of the patient enrollees' health

benefit plans.   Nor did NAMDY seek to enforce the terms of such plans. Additionally, the FAC did not provide any details about the patient enrollees, the medical services allegedly rendered to them or the health plans in which they were enrolled.

4.      Pursuant to a stipulation and order, NAMDY filed its Second Amended Complaint ("SAC") on February 19, 2018.

5.      In the SAC NAMDY once again alleges that it is the assignee of the Physicians' (SAC, ¶¶ 1 and 2), and that Anthem underpaid the Physicians for emergency services allegedly rendered to its enrollees by failing to reimburse the Physicians at the "usual, customary and reasonable rates," i.e., its billed charges. (*see, e.g.,* SAC., ¶¶ 24, 27, 35, 37 and 38.)  The SAC alleges state law claims for (1) recovery of payment for services rendered; (2) recovery on open book account  (3) quantum meruit; (4) breach of implied contract; and (5) declaratory relief.

6.      Unlike its allegations in the Complaint and the FAC, NAMDY alleges in the SAC for the first time in this action, that Anthem breached various patient enrollees' health benefit plans by failing to pay the full amount of contract benefits to the Physician, and, for the first time in this action, NAMDY expressly requests the Court to enforce the terms of the members' health plans.  In that regard, the SAC alleges as follows:

52.      The Patient Protection and Affordable Care Act (PPACA) §1302 mandates that certain "Essential Health Benefits" must be covered by all health plans, and emergency services is one of them. PPACA § 1302(b)(1)(B). The law states that "a qualified health plan will not be treated as providing coverage for the essential health benefits... unless the plan provides that… (ii) if such services are provided out-of-network, the cost-sharing requirement (expressed as a copayment amount or coinsurance rate) is the same requirement that

would apply if such services were provided in-network." PPACA § 3102(b)(4)(E). Prudent practices will note that the cost-sharing requirement imposed upon an enrollee for emergency services provided in-network is 0%. Thus, federal law requires the health plan to reimburse an out-of-network provider at 100% of billed charges for emergency services in order to ensure the same cost sharing requirement of 0% for out-of-network services.

53.     It is therefore clear that the Defendants own Contract/Plan with the Patient requires that the Defendant must pay Physicians for Emergency Care at a rate equivalent to the Copayment or Coinsurance rate with the in Network rates within that Contract/Plan. **The Patient has had such Emergency care and the Physician who has provided that care has been denied payment in breach of that same said contract.**

54.     **In any event, the Defendant must be bound by the terms of the Contract/Plan that they have between them and the patient which covers scenarios where the Patient requires emergency care.** It is understood and expected that the wording will include reference to Usual, Customary and Reasonable Rates in respect of the payment for those emergency services. In the event that usual, customary and reasonable rates is not specifically defined in the Contract/Plan then the Definition as described in the Health and Safety Code.

55.     In the event that this Court does not accept that the Defendant is bound by the Knox-Keene Act, **and only the contract itself should apply, any restriction that would normally apply to the Physicians on balance billing the Patients for emergency services must therefore also not apply and the Court is asked to confirm this position.**

SAC, ¶¶52, 53, 54 and 55, emphasis added.

7.     Like the Complaint and FAC, the SAC does not provide any details about the patient enrollees, the medical services allegedly rendered to them or the health plans in which they were enrolled.   As a result, Anthem requested NAMDY to identify the members and claims at issue, so it could identify the claims and health plan(s) at issue in this case.  The first time Anthem  learned which of its enrollees were at issue in this case was on March 27, 2018, when it received from NAMDY's counsel a spreadsheet identifying the claims at issue.  Among other things, these spreadsheets revealed for the first time the enrollees' names, and in some instances, their member identification number, which allowed Anthem to determine what type of coverage, applied for some, but not all, of the enrollees.

8.     As discussed in more detail below, some of the enrollees at issue in this case are enrolled in health plans governed by ERISA.  As the SAC makes clear, NAMDY seeks to enforce the terms of those ERISA-governed plans.  SAC, ¶¶52, 53, 54 and 55.

9.     The presence of the ERISA-governed health plans provides a basis of removal in this case, but was not apparent on the face of the original Complaint, the FAC or the SAC, and did not become apparent until after Anthem received the spreadsheet of claims from NAMDY's counsel on March 27, 2018.  Because this Notice of Removal is being filed within thirty days of that date, the first date on which Anthem could determine that ERISA preemption applied, Anthem is removing this case "within 30 days after receipt by [Anthem], through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first ascertained that the case is one which is or has become removable."  28 U.S.C § 1446(b)(3).  Accordingly, this Notice of Removal is timely.  *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

10.    The spreadsheet sent by NAMDY's counsel identifies, among other things, the names of the Physicians, the patients, the dates of service, and the

amounts paid and allegedly due on the claims. There are 28 claims identified in the spreadsheet. Of those, NAMDY provided member identification numbers for only eight of the claims.  Consequently, Anthem was able to ascertain the relevant plan information as to only those eight claims.  As for the remaining 20 claims, Anthem does not have sufficient information at this time to identify those patients in its records or to obtain information regarding the health benefit plans in which they may be enrolled.

11.    Of the eight claims that Anthem was able to ascertain the relevant health plan information, Anthem was able to determine, for the first time in this matter, that four of those claims arise from health care services rendered to patients enrolled in ERISA-governed plans.  Specifically, the spreadsheet shows that one such claim arises out of services that were rendered  between May 3, 2017 and July 27, 2017 by NAMDY's assignee, Dr. Nissanoff, to an enrollee, whose initials are G.D.  Another claim arises from services rendered by Dr. Nissanoff on June 18, 2016 to an enrollee, whose initials are J.P.  At the time of those services, both G.D. and J.P. were enrolled in the Motion Picture Industry Health Plan, a self-funded, ERISA-governed employee health benefit plan for which Anthem serves as the claims administrator. (Declaration of Randy Hendel, ¶ 4.)

12.    The spreadsheet further shows that a third claim at issue arises from services that were rendered by another assignee of NAMDY, Dr. Ghandehari, to an enrollee, whose initials are A.O., between April 17, 2017 and April 20, 2017.  A.O. is enrolled in an Anthem Gold PPO 500/20%/4500 plan, a small group ERISA-governed employee health benefit plan. (Declaration of Randy Hendel, ¶5, Exhibit 1.)

13.    The spreadsheet also shows that a fourth claim at issue in this case arises from services rendered on December 23, 2017 by Dr. Smith, another assignee of NAMDY, to an enrollee, whose initials are N.M.  N.M is enrolled in the Beyond Benefits Life Science Association Trust, an ERISA-governed employee health

1  benefit plan that is administered and insured by Anthem.   (Declaration of Randy
2  Hendel, ¶ 6, Exhibit 2.)

3      14.   Anthem suspects that there will be more claims at issue arising from
4  services rendered to patients who are enrolled in an ERISA-governed plan, if and
5  when the patients named on the spreadsheet can be identified as Anthem enrollees
6  and the corresponding health plans can be ascertained.

7      15.   True and correct copies of the Summons, Complaint, First Amended
8  Complaint and SAC, as well as all other process, pleadings, and orders served on
9  Anthem are attached hereto and incorporated herein as Exhibit "A".

10  **GROUNDS FOR REMOVAL**

11      16.   The State Court Action has been removed to this Court based upon
12  federal question jurisdiction pursuant to 28 U.S.C. §§1331 and 1441(b), in that
13  NAMDY's suit is one to recover damages stemming from the allegedly improper
14  denial and/or administration of employee welfare benefits under employee benefit
15  plans governed by ERISA and to enforce the terms of such employee benefit plans.
16  This suit is one of a civil nature over which the United States has original
17  jurisdiction.

18      17.   The SAC alleges state law claims for (1) recovery of payment for
19  services rendered; (2) recovery on open book account  (3) quantum meruit; (4)
20  breach of implied contract; and (5) declaratory relief.   Such state law claims,
21  however, are completely preempted by ERISA because NAMDY alleges that
22  Anthem breached the terms of the enrollee's contracts by failing to fully reimburse
23  the Physicians and expressly seeks to enforce the terms of the enrollees' plans (*see*
24  SAC, ¶¶52, 53, 54 and 55). *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58
25  (1987); A*etna Health, Inc. v. Davila*, 542 U.S. 200, 210-214 (2004); *Pilot Life Ins.*
26  *Co. v. Dedeaux*, 481 U.S. 41, 54 (1987).   And because Plaintiffs are suing as the
27  alleged assignees of the Physicians, who, on information and belief are the assignees
28  of the ERISA plan beneficiaries, NAMDY's state law claims   are completely

1   preempted by ERISA.  See *Misic v. Bldg. Service Employees Health & Welfare*
2   *Trust*, 789 F.2d 1374, 1378 (1986) (ERISA preempts the state claims of a provider
3   suing as an assignee of a beneficiary's rights to benefits under an ERISA plan).

4        18.    Additionally the Court may exercise supplemental jurisdiction over
5   claims that are not preempted by ERISA, because they arise out of the same common
6   nucleus of operative facts as the ERISA-preempted claims, i.e., that Anthem
7   breached the enrollees' Plans by allegedly failing to fully reimburse the Physicians
8   for the medical services at issue.  See *Emrich v. Touche Ross & Co.*, 846 F.2d 1190,
9   1195 (9th Cir. 1988) ("the doctrine of pendant jurisdiction . . . permits the district
10  court to adjudicate factually related state claims in cases raising federal questions,
11  whenever the federal law claims and state law claims derive from a common nucleus
12  of operative fact.").

13  **VENUE**

14       19.    Venue lies pursuant to 28 U.S.C. §1441, which provides for removal to
15  the district court for the district and division embracing the place where the action is
16  pending.  The State Court Action was originally filed in the County of Ventura,
17  which is within the Central District of California.

18  **NOTICE**

19       20.    Pursuant to 28 U.S.C. §1446(d), Anthem will provide written notice of
20  this removal to NAMDY and will file and serve such notice in the State Court
21  Action.

22  **CONSENT TO REMOVAL**

23       21.    There are no other named defendants in this case.  Any other defendants
24  are fictitiously named and need not be considered for the purpose of removal.  28
25  U.S.C. §1441(a).

26

27

28

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

WHEREFORE, Anthem respectfully notifies this Court that, pursuant to 28 U.S.C. §1441(c), the State Court Action referenced above has been removed from the Los Angeles County Superior Court to this Court.

Dated:  April 18, 2018

VON BEHREN & HUNTER LLP
William E. von Behren
Carol B. Lewis


By:  /s/ William E. von Behren
     William E. von Behren
     Attorneys for Defendant
     ANTHEM BLUE CROSS LIFE
     AND HEALTH INSURANCE
     COMPANY

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 2041 Rosecrans Avenue, Suite 367, El Segundo, CA 90245.

On April 18, 2018, I served the within document(s) described as:

**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT**

on the interested parties in this action as stated below:

Alan Nesbit, Esq.
NESBIT LAW GROUP
8383 Wilshire Blvd.
Suite 800
Beverly Hills, CA 90211

[X] (BY OVERNIGHT DELIVERY) I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, a true copy of the foregoing document(s) in a sealed envelope or package designated by the express service carrier, addressed as set forth above, with fees for overnight delivery paid or provided for.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 18, 2018, at El Segundo, California.

_____          _____
Diane DeRosa                                      (Signature)
(Type or print name)

VON BEHREN & HUNTER LLP
2041 ROSECRANS AVENUE
EL SEGUNDO, CALIFORNIA 90245

- 1 -